IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-86-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ISMAEL PARRILLA, ) | |
| ) | |
| Defendant. ) | |

On October 26, 2012, pursuant to a written plea agreement, Ismael Parrilla ("Parrilla") pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. See [D.E. 73, 74]. On June 10, 2013, the court held Parrilla's sentencing hearing. See [D.E. 130, 140]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 114]. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Parrilla's total offense level to be 38, his criminal history category to be III, and his advisory guideline range to be 292 to 365 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Parrilla to 180 months' imprisonment. See [D.E. 130, 140]. Parrilla did not appeal.

On December 30, 2015, Parrilla moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 157]. On January 28, 2016, the government responded [D.E. 158]. Parrilla's new advisory guideline range is 235 to 293 months'

imprisonment, based on a total offense level of 36 and a criminal history category of III. See Resentencing Report. Parrilla requests a 146-month sentence. See id.; [D.E. 157].

The court has discretion under Amendment 782 to reduce Parrilla's sentence. See, e.g., Chavez-Meza v. United States, 139 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Parrilla's sentence, the court finds that Parrilla engaged in serious criminal behavior involving a large quantity of illegal narcotics. See PSR ¶¶ 4–7. Moreover, Parrilla is a violent recidivist and has convictions for intimidation of a victim and/or witness, sex with a minor, and lewd, lascivious acts with a child. See id. ¶¶ 10–12. Nonetheless, Parrilla has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Parrilla received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Parrilla's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Parrilla's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 139 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

2

In sum, the court DENIES Parrilla's motion for reduction of sentence [D.E. 157].

SO ORDERED. This 30 day of July 2018.

                                                 JAMES C. DEVER III
                                                 Chief United States District Judge