IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-86-D-3

UNITED STATES OF AMERICA )
)
)
v. ) **ORDER**
)
ISMAEL PARRILLA, )
)
Defendant. )

On September 28, 2020, Ismael Parrilla ("Parrilla" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 172]. On September 29, 2020, the court appointed the Office of the Federal Public Defender to represent Parrilla [D.E. 173]. On October 30, 2020, Parrilla's counsel filed a memorandum in support [D.E. 176]. As explained below, the court denies Parrilla's motion.

I.

On October 26, 2012, pursuant to a written plea agreement, Parrilla pleaded guilty to conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. See [D.E. 73, 74]. On June 10, 2013, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 114, 130, 141]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Parrilla's total offense level to be 38, his criminal history category to be III, and his advisory guideline range to be 292 to 365 months' imprisonment. See [D.E. 141]. After granting the government's motion for downward departure and thoroughly considering all relevant factors

under 18 U.S.C. § 3553(a), the court sentenced Parrilla to 180 months' imprisonment. See [D.E. 140] 2; [D.E. 141] 2. Parrilla did not appeal.

On December 30, 2015, Parrilla moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 157]. On July 30, 2018, after reviewing the entire record, all relevant policy statements, and the relevant factors under 18 U.S.C. § 3553(a), the court denied Parrilla's motion. See [D.E. 168] 2–3. Parrilla did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's

2

application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not

---

    (C) Family Circumstances.—

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Parilla's request for compassionate release, Parrilla contends that he has exhausted his administrative requirements. On June 7, 2020, Parrilla submitted a request for compassionate release to the BOP. See [D.E. 172] 2; [D.E. 172-2] 1; [D.E. 176] 17. As of the date of filing on September 28, 2020, over thirty days have elapsed and Parrilla alleges that the BOP has not responded to his request. See [D.E. 172] 2; [D.E. 176] 17. Moreover, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Parrilla's claims on the merits.

Parrilla seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Parrilla cites the COVID-19 pandemic and his health conditions, including asthma, obesity, high blood pressure, high cholesterol, and a heart murmur, as well as the fact that he is a former smoker. See [D.E. 172] 6–23; [D.E. 176] 1–2. Parrilla also cites his rehabilitation efforts, release plan, the conditions at FCI Lompoc, that he survived having COVID-19, and how much time he has served. See [D.E. 176] 2–19.

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Parrilla states that he has asthma, obesity, high blood pressure, high cholesterol, and a heart murmur, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Parrilla serves his sentence. Accordingly, reducing Parrilla's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Parrilla's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Parrilla's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Parrilla is 38 years old and engaged in very serious criminal behavior between December 2011 and June 22, 2012. See PSR [D.E. 114] ¶¶ 4–7. Parrilla's offense conduct included conspiring with others to ship 4.151 kilograms of actual methamphetamine from California to North Carolina for distribution. See id. Parilla was a manager or supervisor of the conspiracy. See id. Parrilla also is a violent recidivist with a deplorable criminal record that includes convictions for intimidation of a victim and/or witness, sex with a minor, and lewd/lascivious acts with a child. See id. ¶¶ 10–12. Nonetheless, Parrilla has taken some positive steps while incarcerated. See [D.E. 172-4]; [D.E. 176]

6

2–3. The court also has considered Parrilla's recovery from COVID-19, potential continued exposure to COVID-19, his health conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Parrilla, the section 3553(a) factors, Parrilla's arguments, and the need to punish Parrilla for his criminal behavior, to incapacitate Parrilla, to promote respect for the law, to deter others, and to protect society, the court declines to grant Parrilla's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Parrilla's motion for compassionate release [D.E. 172]. SO ORDERED. This 12 day of January 2021.

JAMES C. DEVER III
United States District Judge